UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | |
| PUBLISHING CONCEPTS, L.L.C., D/B/A MISSOURI MEETINGS AND EVENTS | ) ) ) ) | |
| **Serve:** Joseph W. Clote Registered Agent 640 Greenview Drive St. Louis, MO 63122 | ) ) ) ) ) ) | |
| JOSEPH W. CLOTE, | ) ) | |
| **Serve:** Joseph W. Clote 640 Greenview Drive St. Louis, MO 63122 | ) ) ) ) ) | |
| and | ) ) | |
| JOHN DOES 1-5, | ) ) | |
| Defendants. | ) | |

## CIVIL COMPLAINT

Plaintiff, American Family Mutual Insurance Company (herein "American Family"), alleges as follows:

## PRELIMINARY STATEMENT

1.      This case requests a declaration from the Court regarding the respective rights, duties and obligations of the parties under insurance policies issued to Defendant Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events.

2.      American Family issued a policy of insurance to Defendants Publishing Concepts, L.L.C. insuring defendants from November 4, 2013 to November 4, 2014.  On January 29, 2015 a class action Petition was filed against Publishing Concepts, Joseph W. Clote and John Does 1-5, for allegedly sending unsolicited advertisements via facsimile to multiple recipients in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.  The lawsuit was originally filed in the Circuit Court of St. Louis County, Missouri as Case Number 15SL-CC00305 and styled Connector Castings, Inc. v. Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, et al.  (herein the "Connector Castings Action").

## PARTIES

3.      American Family is, and at all relevant times was, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Madison, Wisconsin.  American Family is, and at all relevant times was, a corporation authorized to transact the business of insurance in the State of Missouri.

4.      American Family is informed and believes and based thereon alleges that Defendant Publishing Concepts, L.L.C. is a limited liability company, with its principal place of business located at 640 Greenview Drive, St. Louis County, Missouri 63122.

5.      American Family is informed and believes and based thereon alleges that Defendant Joseph W. Clote is the owner of Publishing Concepts.

6.      American Family is unaware of the true names and capacities of Defendants designated herein as Does 1-5, inclusive, and therefore names and sues these Defendants by their fictitious names.  American Family will therefore amend the Complaint to set forth the true names and capacities of the Defendants designated herein as Does 1-5, inclusive, if and when the same have been ascertained.

7.      American Family is informed and believes and based thereon alleges that at all times herein mentioned, each of the named Defendants and Does 1-5, inclusive, were the agents, employees, and officers of each of the remaining Defendants, and that at all times mentioned herein were acting within the course and scope of such agency and with the permission and consent of each of the remaining Defendants.

8.      Jurisdiction is proper in this Court based on diversity of the citizenship of the parties as set forth above in that the matter is a potential class action and seeking damages of $500 per violation and treble damages of $1,500 per violation for each plaintiff in the class and in the Plaintiff's Motion for Class Certification, alleges that there are more than forty (40) other persons or entities in the class thus and.  Therefore, the matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332(a) and is a justiciable matter under 28 U.S.C. §2201(a).

9.      Venue is proper in this Court because the underlying action, upon which this action is based, is pending in the St. Louis County Circuit Court, Missouri, and the events and circumstances giving rise to the allegations contained in the underlying action occurred predominantly within the St. Louis County, Missouri area.  Further, Defendants in this matter are citizens of Missouri and have their principal place of business in St. Louis County, Missouri.

## NATURE OF THE CLAIM

10.     American Family brings this action against Defendants seeking a declaratory judgment regarding its duties to defend and indemnify Publishing Concepts against claims in a Missouri state court action brought by Connector Castings, Inc., on behalf of a class of individuals similarly situated, and arising from Publishing Concepts' alleged wrongful of unsolicited facsimile advertisements to members of the Plaintiff class.

11.     An actual controversy exists regarding the rights, duties and obligations of the parties with respect to coverage for the Connector Castings Action under the insurance policy issued by American Family to Publishing Concepts.

12.     A judicial declaration is necessary so that the parties can ascertain their rights, duties and obligations under the Policies.

## FACTS

13.     Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, is the named insured under a Commercial General Liability policy issued by American Family – policy 24XE7782-07, effective November 4, 2013 to November 4, 2014, with limits of liability of $2,000,000 per occurrence (herein "Policy").  The Policy is attached hereto, and incorporated herein, as Exhibit 1.

14.     Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, (hereinafter "Publishing Concepts"), is a business designed to provide corporate, association and independent meeting and event planners with a multi-regional resource to plan more productive, interesting and creative meetings and events, and keeps them up to date on regional and national industry

information and trends.  Twice a year Missouri Meetings and Events holds Expos in St. Louis in the spring and in Kansas City in the fall.

15.     On January 29, 2015, a class action lawsuit was filed in the Circuit Court of St. Louis County, Missouri, as Case No. 15SL-CC00305 for allegedly sending unsolicited advertisements via facsimile to multiple recipients.  The lawsuit is styled <u>Connector Castings, Inc. v. Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote, and John Does 1-5</u>, and a copy of the Petition is attached hereto, and incorporated herein as Exhibit 2.

16.     Connector Castings filed the Petition behalf of itself and other similar situated individuals and/or businesses that received unsolicited facsimile advertisements from Publishing Concepts on approximately May 13, 2014.  The Plaintiff class alleges that the advertisement sent by facsimile notified Connector Castings of a Missouri Meetings and Events Expo for May 19-20, 2014 advertising the commercial availability of property, goods and services.

17.     The Petition alleges that the sending of the facsimile is a violation of the Telephone Consumer Protection Act of 1991 (herein "TCPA") as amended by the Junk Fax Prevention Act of 2005.

18.     Connector Castings alleges that the TCPA provides a right of action to enjoin violations from sending unsolicited facsimile advertisements.  According to the Petition, the TCPA provides for statutory damages of $500 per violation which may be tripled for any knowing or willful violations of the TCPA.  Also, it authorizes injunctive relief seeking the enjoining of Defendants from sending TCPA-violating facsimile advertisements in the future. Connector Castings further alleges that Publishing Concepts did not have an adequate opt out

notice on the subject fax because it did not include a facsimile number to send an opt out request and alleges that it did not state that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a facsimile within 30 days.

20.     Connector Castings contends that the class of Plaintiffs is entitled to damages under the TCPA based on the unsolicited facsimiles so that even if the Defendants had obtained the fax numbers through a prior relationship with class members or through voluntary consent, does not eliminate the TCPA's opt out notice requirement, and Connector Castings alleges that the faxes used ink, toner and paper and use of time from business activities.

21.     To the extent that Publishing Concepts' facsimile advertisements were sent in knowing violation of the TCPA, Connector Castings, Inc. contends that the Court is authorized to increase the amount of the award per violation to an amount equal to, but not more than, three times the $500 statutory fine.  Thus, Connector Castings request that the class Plaintiffs be awarded $1,500 per knowing violation.

22.     The Plaintiff's Motion for Class Certification filed by Connector Castings against Defendants is attached hereto, and incorporated herein as Exhibit 3.

23.     On approximately February 19, 2015, Publishing Concepts provided notice of the Connector Castings claim and American Family agreed to defend Defendants under a reservation of rights.  American Family continues to provide Defendants with a defense in the Connector Castings Action.

## INSURANCE POLICY

24.     The insurance policy contains an endorsement (attached separately hereto as Exhibit 4) that states as follows:

**"THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY. EXCLUSION – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply."

25.     Even if it is found that the Personal and Advertising Injury coverage of the policy would apply, there is no coverage because the claim does not qualify as "bodily injury", "property damage" or "personal and advertising injury" as those terms are defined in the insurance policy and any alleged violation of the TCPA statute does not constitute an "occurrence" as the term is defined in the policy, consequently, the liability insuring agreements of the policy do not provide coverage. The Definitions section of the policy states as follows:

**"SECTION V – DEFINITIONS**

3.     'Bodily injury' means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

13.     'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14.     'Personal and advertising injury' means injury, including consequential 'bodily injury', arising out of one or more of the following offenses:

      a.     False arrest, detention or imprisonment;

      b.     Malicious prosecution;

      c.     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

      d.     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services;

      e.     Oral or written publication, in any manner, of material that violates a person's right of privacy;

      f.     The use of another's advertising idea in your 'advertisement'; or

g.      Infringing upon another's copyright, trade dress or slogan in your 'advertisement'.

17.     'Property damage' means:

a.      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

## "SECTION I – COVERAGES

## COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.

b.      This insurance applies to 'bodily injury' and 'property damage' only if:

(1)     The 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

(2)     The 'bodily injury' or 'property damage' occurs during the policy period;

## COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY

**1.      Insuring Agreement**

a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply.

b.      This insurance applies to 'personal and advertising injury' caused by an offense arising out of your business but only if the offense was committed in the 'coverage territory' during the policy period."

26.     There is no coverage for the Connector Castings Action allegations because the

allegations under the TCPA violations do not allege bodily injury or property damage and

therefore American Family has no duty to defend nor is there coverage for any lawsuit seeking

damages because this lawsuit does not allege bodily injury or property damage nor does it allege bodily injury or property damage that was caused by an occurrence.

27.     The allegations in the Connector Castings Action do not allege personal and advertising injury liability as defined under the American Family policy definition of 'Personal and Advertising Injury' set forth above.

## EXCLUSIONS

28.     The subject American Family insurance policy specifically sets forth under Exclusions under the policy as follows:

**"COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**2.     Exclusions**

This insurance does not apply to:

    **a.     Expected or Intended Injury**

    'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured.

    **q.     Distribution of Material in Violation of Statutes**

    'Bodily injury' or 'property damage' arising directly or indirectly out of any action or omission that violates or is alleged to violate:

        (1)     The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law; or

        (2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

        (3)     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

29.     The Connector Castings Action contains an exclusion for any bodily injury or property damage expected or intended from the standpoint of the insured.  Based on the

allegations contained in the Connector Castings Action, only intentional acts are alleged so the exclusion would apply to the allegations.

30.     There is further exclusion under sub-part (q.) because it also excludes bodily injury or property damage arising directly or indirectly out of any act or omission that violates or is alleged to violate the Telephone Consumer Protection Act (TCPA) and the only allegations of wrongdoing as set forth in the Connector Castings Action arise out of faxes that were sent intentionally and, therefore, there is an exclusion for any violations under the TCPA.

31.     There is also an exclusion under Coverage B – Personal and Advertising Injury Liability that states as follows:

**"COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY**

**2.     Exclusions**

This insurance does not apply to:

> **a.     Knowing Violation of Rights of Another**
>
> 'Personal and advertising injury' caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflect 'personal and advertising injury'.
>
> **p.     Distribution of Material in Violation of Statutes**
>
> 'Personal and advertising injury' arising directly or indirectly out of any action or omission that violates or is alleged to violate:
>
> > (1)     The Telephone Consumer Protection Act (TCPA) including any amendment of or addition to such law; or
> >
> > (2)     The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or
> >
> > (3)     Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information."

32.     Even if there is coverage under Personal and Advertising Injury Liability Coverage B, the Exclusion would apply because the Connector Castings Action alleges that the

faxes sent by defendants were intentional acts done in knowing violation of the TCPA.  It is further excluded because Coverage B – Personal and Advertising Injury Liability excludes any action or omission that is alleged to violate the TCPA.

33.    There is no coverage for any claim for punitive damages as set forth in the following exclusion, (attached separately hereto as Exhibit 5):

**"PUNITIVE DAMAGE EXCLUSION**

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The insurance afforded by this policy does not apply to any claim or judgment for punitive or exemplary damages.

All other terms, agreements, conditions, and provisions remain unchanged."

34.    Included in the damages sought in the Petition are claims for treble damages, reasonable attorneys' fees and expenses including costs and expenses of class notice and claim administration, which would be excluded under the aforementioned exclusion.

35.    American Family re-alleges and incorporates by reference herein paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.    American Family contends that it has no duty to defend Publishing Concepts, Clote or John Does 1-5 in the Connector Castings Action or to indemnify it in the event of a settlement or finding of liability against said defendants.

37.    American Family further contends that it has no duty to pay Connector Castings or any of the Plaintiffs any amount under the policy because the allegations contained in the Petition do not fall within the coverage under the American Family policy.

WHEREFORE, Plaintiff American Family Mutual Insurance Company respectfully requests that this Court enter judgment as follows:

a.      Declaring the rights, status and obligations of the parties under the policy, including, but not limited to, the following:

(i)      A declaration that, under the insurance policy, American Family does not have a duty to defend Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote and John Does 1-5 in the Connector Castings Action;

(ii)      A declaration that, under the insurance policy, American Family does not have a duty to indemnify Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote and John Does 1-5 in the Connector Castings Action;

(iii)      A declaration that American Family is entitled to reimbursement from Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote and John Does 1-5 in the Connector Castings Action; and

(iv)      A declaration that American Family does not have a duty to pay Connector Castings any amount under the policy.

b.      For judgment against Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote and John Does 1-5 for the amounts paid by American Family in defense and/or for representation of Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote and John Does 1-5 and for any amounts paid to settle or pay any judgment against Publishing Concepts, L.L.C., d/b/a Missouri Meetings and Events, Joseph W. Clote and John Does 1-5 in connection with the claims in the Connector Castings Action;

c.      For costs of suit incurred herein; and

d.      For such other and further relief as this Court may deem just and proper.

KORTENHOF MCGLYNN & BURNS, LLC


/s/ Kenneth M. Lander
Kenneth M. Lander - #30296MO
John B. Singleton - #30177MO
1015 Locust Street, Suite 710
St. Louis, Missouri 63101
Phone: (314) 621-5757
Fax:  (314) 621-5799
E-mail:  ken@kmblaw1.com
Attorneys for Plaintiff American
Family Mutual Insurance Company